# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51662

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: **August 6, 2026** |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JULIE CHYLOE MARIE MANUS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth M. Robins, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Julie Chyloe Marie Manus appeals from her judgment of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer initiated a traffic stop on a vehicle for having an obstructed view of the license plate and tinted windows. After stopping the vehicle and identifying the driver, the officer also identified Manus as the passenger. The officer asked the driver for his license, registration, insurance information, and asked about their travel plans. As they conversed, the officer observed a vape pen in the center console of the vehicle. The driver did not provide insurance or registration documentation to the officer but did provide a title to the vehicle. The officer issued a written

1

warning for the infractions, after which he asked the driver about the vape pen. The driver informed the officer the vape pen contained THC (marijuana). The officer subsequently searched the vehicle and found THC edibles in Manus's purse and methamphetamine in between the passenger's and driver's seats.

The State charged Manus with one felony count of possession of methamphetamine, two misdemeanor counts of possession of marijuana, and one count of possession of drug paraphernalia. Manus filed a motion to suppress the evidence discovered during the search, asserting the officer did not have reasonable and articulable suspicion to extend the traffic stop into a drug investigation. Following a hearing, the district court denied the motion, finding the officer had reasonable and articulable suspicion to extend the traffic stop. Thereafter, Manus entered a conditional guilty plea to felony possession of methamphetamine (I.C. § 37-2732(c)(1)) and one misdemeanor count of possession of marijuana (I.C. § 37-2732(c)(3)), specifically reserving her right to appeal the denial of her motion to suppress. The remaining charges were dismissed. Manus appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Manus asserts the district court erred in denying her motion to suppress. Specifically, Manus argues the officer did not have reasonable and articulable suspicion to extend the traffic stop to investigate for possession of controlled substances. The State responds that the record and

2

applicable law support the district court's denial of Manus's motion to suppress. We hold that Manus has failed to show the district court erred in denying her motion to suppress.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated based on the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The justification for a motorist's detention is not permanently fixed at the moment the traffic stop is initiated. *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005). An officer's observations, general inquiries, and events succeeding the stop may--and often do--give rise to legitimate reasons for particularized lines of inquiry and further investigation by an officer. *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990). Furthermore, even without reasonable suspicion, officers may engage in lines of investigation unrelated to an otherwise lawful traffic stop as long as doing so does not prolong the stop. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (holding that a dog sniff conducted during an otherwise lawful traffic stop does not violate the Fourth Amendment); *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454 (2021) (recognizing the officers may "conduct certain unrelated checks" during a traffic stop).

In this case, the district court found there was reasonable and articulable suspicion to support the officer's extension of the traffic stop to inquire about the vape pen in the center console of the vehicle. While the driver and Manus were initially pulled over for a traffic violation (obstructed view of the license plate and tinted windows), the district court found the traffic stop was properly extended based on the highway being known as a drug corridor; the officer's

3

experience with stops on this highway involving marijuana; and the officer's plain view of the vape pen that, based on his training and experience, he suspected contained marijuana. The officer indicated that the vape pen observed in the center console resembled THC vape pens that the officer observed in "numerous instances" and shared the same "color of liquid and style." The district court found these articulable facts gave rise to reasonable suspicion to extend the stop for an investigation. As a result, the district court denied Manus's motion to suppress.

Manus argues that "the factors identified by the officer did not amount to reasonable suspicion of criminal activity" to extend the stop to investigate. In support of this argument, Manus relies on our opinion in *State v. Kelley*, 160 Idaho 761, 379 P.3d 351 (Ct. App. 2016). In *Kelley*, the defendant was stopped for speeding and crossing the centerline. During the course of the traffic stop, the officer requested assistance from an officer with a drug dog. After the defendant was cleared by dispatch, the officer returned to the vehicle and asked the defendant if there was anything illegal in his vehicle and asked for consent to search. The defendant responded "no" and asked if he was free to leave. By that time in the encounter, the assisting officer arrived and the defendant was detained on the side of the road while a drug dog was deployed. After the dog alerted, the defendant's car was searched and he was arrested for and charged with trafficking in marijuana. The defendant filed a suppression motion, which the district court denied. This Court held the district court erred, explaining that the following facts about the defendant as found by the district court did not justify an extension of the traffic stop: extreme nervousness; lack of eye contact; continued trembling on a warm evening; a pulsing carotid artery; an unusual travel itinerary; and travel on a known drug-trafficking corridor. *Id*. at 763, 379 P.3d at 353. The Court concluded that the "only fact linking drug activity to [the defendant] was that he was driving on the same road others have used to transport drugs." *Id*. at 764, 379 P.3d at 354. The Court reasoned that "use of a commonly traveled road does not give an officer reasonable suspicion to prolong a traffic stop," and any suspicion that the route was "somehow related to drug activity was nothing more than a hunch." *Id*.

*Kelley* is distinguishable. The reasonable suspicion articulated by the officer in Manus's case was not solely based on her travel route. Instead, the district court found the officer's reasonable suspicion was based on the officer's observation of the same type of vape pen that, in the officer's experience conducting traffic stops on the same highway on which Manus was

4

travelling, is used to ingest marijuana. The district court specifically noted the officer's testimony that "the vape pen has never not been a THC vape pen." Further, the district court noted that the driver admitted to the officer that the vape pen contained THC, which prompted the officer to investigate further and conduct a lawful search of the vehicle. Manus has failed to show the district court erred in finding that the officer had reasonable articulable suspicion to extend the traffic stop.

## IV.

## CONCLUSION

Based on the totality of the circumstances, the officer had reasonable and articulable suspicion to extend the traffic stop to conduct a drug investigation. Manus has failed to show the district court erred in denying her motion to suppress. Therefore, Manus's judgment of conviction for felony possession of a controlled substance and misdemeanor possession of a controlled substance is affirmed.

Judge FLEMING and Judge PETTY, **CONCUR**.